Vincent D. Damiani, J.
This is a motion by the petitioner for resentence (verified August 25, 1972) with respect to a judgment of the former Bangs County Court dated May 13,1960, which convicted the petitioner on his plea of guilty to attempted robbery in the second degree and sentenced him as a second felony offender to 5 to 10 years (Leibowitz, J.).
The petitioner contends that “ the predicate conviction used to sentence him as a second offender, was in fact not a conviction for a crime, within the meaning of the term. ” He further contends that the predicate conviction was a court-martial conviction while petitioner was in the United States Navy in 1948 and “ that the armed services had no [jurisdiction] to try him for the alleged crime, since it was triable in a civilian Court, since it was without substantial military significance or service connection ’. ”
The petitioner’s prior conviction, on the basis of which he was adjudicated a second felony offender, occurred on September 15, 1948 before a general court-martial convened at the United States naval station, Treasure Island, San Francisco, California. It was charged in the specifications that while serving at the United States Naval Retraining Command, Mare Island, Vallejo, California, he did on September 4,1948, in the County of Solano, California, unlawfully break and enter a dwelling house with intent to steal. The petitioner was sentenced to confinement for a period of 10 years, and dishonorably discharged from the United States naval service. Thereafter his confinement was reduced to 6 years by the Naval Resentence Review and Clemency Board. The second felony offender information filed on February 4, 1960 by the District Attorney charged that this crime, if committed in New York, would be a felony.
Assistant District Attorney William I. Siegel has set forth in his affirmation dated November 1, 1972, in opposition to the motion for resentence, the effect of the decisions of the United States Supreme Court as well as the decision of the United States Court of Appeals for the Second Circuit in reference to court-martial findings. In O’Callahan v. Parker (395 U. S. 258) the court held that the armed services do not have the power to try servicemen for alleged crimes or offenses triable in civilian courts and which were without substantial military significance or service connection. The defendant relies on this principle and, furthermore, in effect contends that the O’Callahan decision *82 can and, indeed, must be applied retroactively to Ms 1960 conviction. In this contention he is supported by the unanimous decision of the United States Court of Appeals for the Second Circuit in the case of United States ex rel. Flemings v. Chafee (458 F. 2d 544).
The basic considerations which animated the Supreme Court and were reviewed by the Circuit Court were as follows: (1) that the crime was committed away from the base and in a place not under military control; (2) there was no connection between the crime and the defendant’s military duties; (3) the presence and the availability of a civilian court in which the case could have been prosecuted; (4) the absence of any flouting of military authority; (5) the absence of any threat to a military post; (6) and importantly, that the offense of stealing the automobile was one which traditionally is prosecuted in civilian courts.
The Second Circuit also held that the O’Callahan case should be accorded retroactivity even though the United States Supreme Court had as yet not considered the question.
The State appellate courts have not as yet passed on the questions involved in the case before the court. The Assistant District Attorney, in his usual candid manner, states that he is impressed by the reasoning of the Second Circuit and personally agrees with it; however, he cannot follow its decision because no appellate court in New York has, at least to his knowledge, ruled on the question. TMs court is of ¡the opinion that the rulings of the Supreme Court and the Circuit Court should be followed.
Accordingly, tMs motion is granted and the Clerk is directed to prepare an order for the production of the defendant before this court on a date to be fixed in said order.